**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| _____ | ) | |
| **HUMANA, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **21-11578-FDS** |
| | ) | |
| **BIOGEN, INC. (f/k/a BIOGEN IDEC,** | ) | |
| **INC.) and ADVANCED CARE** | ) | |
| **SCRIPTS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR**
**<u>RECONSIDERATION AND LEAVE TO AMEND</u>**

SAYLOR, C.J.

Plaintiff Humana Inc. has moved for reconsideration of the Court's Memorandum and Order of March 31, 2023, granting the motions of defendants Biogen, Inc., and Advanced Care Scripts, Inc., to dismiss for failure to state a claim upon which relief can be granted.  Plaintiff Humana Inc. has also moved for leave to file an amended complaint.

Motions for reconsideration are extraordinary remedies that should be granted sparingly. *Villanueva-Mendez v. Nieves-Vazquez*, 360 F. Supp. 2d 320, 324 (D.P.R. 2005); 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 at 128 ("because of the narrow purposes for which they are intended, . . . motions [for reconsideration] typically are denied").  When faced with such motions, courts must balance the need for finality of decision against its duty to render just decisions.  *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000).

In order to accommodate these competing interests, motions for reconsideration should be granted only upon a showing of (1) a "manifest error of law," (2) new evidence, or (3) a misunderstanding or other error "not of reasoning but apprehension." *Ruiz Rivera v. Pfizer Pharm.*, LLC, 521 F.3d 76, 81-82 (1st Cir. 2008).  A motion for reconsideration is not a vehicle for a party to "repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *Nat'l Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990); *see also Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000); *Villanueva-Mendez*, 360 F. Supp. 2d at 324. Nor is it a forum to highlight a point of disagreement between a litigant and the court or to vent dissatisfaction with the court's reasoning or decision. *Davis*, 89 F. Supp. 2d at 149; *Waye v. First Citizen's National Bank*, 846 F. Supp. 310, 314 n.3 (M.D. Pa. 1994).

Humana has failed to show that reconsideration is warranted.  Its latest motion largely repeats arguments that this Court previously rejected.  First, it contends that "the Court overlooked or misapprehended the allegations of the complaint—highlighted both in its briefs and at oral argument—that Humana was a direct purchaser from co-conspirator Defendant Advance Care Scripts, Inc." (Docket No. 56 at 1).  As Biogen notes, Humana does not now "argue[] that the Court was wrong in its understanding of the pharmaceutical distribution chain, nor cites any case finding that an insurer is a direct purchaser under these circumstances." (Docket No. 63 at 4).  Instead, Humana simply directs the Court's attention to statements made in its complaint, the opposition brief, and the sur-reply brief.  (Docket No. 56 at 3-4).  The Court, however, addressed each of these allegations in its March 31, 2023, Memorandum and Order when it held that Humana was an "indirect purchaser." *See Humana, Inc. v. Biogen, Inc.*, No. 21-cv-11578-FDS, 2023 WL 2743307, at *2-3, *7-13 (D. Mass. Mar. 31, 2023).

2

Second, Humana submits that the Court "erred when it dismissed the complaint for lack of particularity under Rule 9(b)." (Docket No. 56 at 1). More specifically, it contends that the Court "misapprehended [its] complaint, which alleged that Humana lacked access to the particulars of the fraud because that information was in the possession or control of Defendants and their co-conspirators." (*Id.* at 7). It states that the Court should have "accept[ed] Humana's factual allegations as to its lack of knowledge as true." (*Id.* at 14). The Court, however, *did* consider the "entirety" of those allegations. *Biogen, Inc.*, 2023 WL 2743307, at *14. In doing so, the Court found that the complaint "clearly fail[ed] to state the mail and wire fraud predicates with the requisite detail." (*Id.* at *15). The Court noted that the failure was "particularly puzzling," given that the information in question should have been in Humana's possession. (*Id.*). Indeed, the complaint repeatedly directed attention to Exhibit A, a collection of "communications . . . made by a Humana subsidiary . . . to Humana itself." (*Id.*). The Court found "no basis to apply a 'more flexible' pleading standard, as may be appropriate when critical information is in the custody of the defendant or a third party." (*Id.* at *15 n.17).

Finally, Humana asserts in a notice of supplemental authority that the recent decision of a court in this district in *United States v. Teva Pharms. USA, Inc.* supports its position that if a kickback is "*per se* fraudulent as to the federal government, then it must be *per se* fraudulent as to a plan sponsor as well." (Docket No. 68 at 2). The *Teva* decision does not require reconsideration. Humana simply points to the *Teva* court's affirmation of existing First Circuit precedent concerning the materiality of violations of the Anti-Kickback Statute for False Claims Act purposes. *See United States v. Teva Pharms. USA, Inc.*, No. CV 20-11548-NMG, 2023 WL 4565105, *4 (D. Mass. July 14, 2023) (citing *Guilfoile v. Shields*, 913 F.3d 178 (1st Cir. 2019)). The decision does not impact this Court's determination that Humana was as an "indirect

purchaser" or the standard for pleading mail fraud or wire fraud with particularly under Rule 9(b).

Humana further contends that the Court should now grant it leave to file a first amended complaint. The proposed amended complaint would "allege[] a direct-purchaser relationship between Humana and Biogen" as well as "add[] allegations of fact about Defendant's mail and wire fraud schemes." (Docket No. 56 at 16). The proposed amended complaint would also "reduce[] the number of . . . claims . . . and the number of jurisdictions" in an effort to address the Court's concern that the complaint was, in some respects, "over-pleaded." (*Id.* at 16 n.14); *see also Biogen, Inc.*, 2023 WL 2743307, at *1.

At the time of the Memorandum and Order, the Court found "no basis to permit Humana leave to amend." *Biogen, Inc.*, 2023 WL 2743307, at *15 n.17. The Court still finds no basis to revisit that issue. There is no suggestion here that "amendment would be anything other than futile." *Fire & Police Pension Ass'n of Colorado v. Abiomed, Inc.*, 778 F.3d 228, *247 (1st Cir. 2015). Moreover, as the First Circuit has stated, the "practice of seeking leave to amend after the case has been dismissed" is "discouraged." *Id.* Such a practice is inefficient, unfair to defendants, and burdensome to the court. Accordingly, the request for leave to amend will be denied.

For the foregoing reasons, the motion of plaintiff Humana Inc. for reconsideration of the Court's Memorandum and Order of March 31, 2023, is DENIED. Plaintiff's motion for leave to file an amended complaint is also DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV

F. Dennis Saylor IV

Dated:  December 4, 2023                    Chief Judge, United States District Court